**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| RENEE A. CHRUSTOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: K25C-09-021 NEP |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL MINUTI, MCCANN | ) | |
| DILLON JAFFE & LAMB, LLC | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: September 18, 2025
Decided: October 22, 2025

## ORDER[1]

***Upon Plaintiff's Application to Proceed in Forma Pauperis***
**GRANTED**

***Upon Court's Consideration of Complaint***
**DISMISSED**

Upon consideration of Plaintiff's complaint and motion to proceed *in forma pauperis*, the Court finds as follows:

**1.** On September 19, 2025, Plaintiff Renee A. Chrustowski ("Plaintiff") filed an application to proceed *in forma pauperis*. According to the attached affidavit, Plaintiff has limited liquid assets, no present employment, and no income within the last twelve months. The affidavit alleges facts sufficient to convince the Court that Plaintiff is unable to pay the filing costs and Plaintiff's motion to proceed *in forma pauperis* is therefore **GRANTED**. Having made this determination, the

---

[1] Citations in the form of "D.I ___" refer to docket items.

Court must next consider whether or not the complaint should be dismissed, as required by 10 *Del. C.* § 8803(b).

2. The Court views *pro se in forma pauperis* civil suits generously.[2] "All well-pled matters are accepted as true to determine whether . . . [a plaintiff] can recover under any conceivable circumstances susceptible of proof under the complaint."[3] Nonetheless, the Court will not allow itself or prospective defendants "to become the victim[s] of frivolous or malicious claims" that are plainly "subject to a motion to dismiss under Superior Court Civil Rule 12(b)(6) or subject to a defense of immunity or subject to some other defect."[4] After granting an application to proceed *in forma pauperis*, Delaware law requires that the Court dismiss the underlying complaint if it is legally frivolous, factually frivolous, or malicious.[5] "If a complaint fails to state a claim upon which relief may be granted, then it is deemed legally frivolous."[6]

3. Plaintiff makes lengthy narrative assertions spanning decades of employment and personal history,[7] followed by eight counts that "re-allege" prior paragraphs and demand damages totaling approximately $20,000,000,[8] but fails to plead with the requisite specificity the facts establishing the identity of the actors, the nature of the conduct, the timing, location, and circumstances of the alleged acts, or how such facts satisfy the elements of any cognizable claim against the named

---

[2] *Parsons v. Dushuttle*, 2019 WL 1131956, at *1 (Del. Super. Mar. 8, 2019) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

[3] *Fatir v. Records*, 2023 WL 6622214, at *2 (Del. Super. Oct. 11, 2023) (quoting *Johnson v. Howard*, 1999 WL 743902, at *1 (Del. Aug. 12, 1999)).

[4] *Lee v. Johnson*, 1996 WL 944868, at *1 (Del. Super. June 4, 1996).

[5] *Sanders v. Dep't of Just.*, 2020 WL 1171045, at *1 (Del. Super. Mar. 11, 2020) (citing 10 *Del. C.* § 8803(b)).

[6] *Fatir*, 2023 WL 6622214, at *4 (quoting *Johnson*, 1999 WL 743902, at *1); *Marvel v. State*, 2014 WL 7009516, at *2 (Del. Super. Dec. 8, 2014) (citing *Cannon v. McCreanor*, 2003 WL 943247, at *2 (Del. Super. Mar. 6, 2003)).

[7] Compl. at 3–11 (D.I. 1).

[8] Compl. at 12–18 (D.I. 1).

defendants. Furthermore, much of the alleged conduct occurred outside the State of Delaware, and thus it does not appear that this Court would have personal jurisdiction over the alleged actors even if they were named as defendants.

4. Consequently, Plaintiff fails to state a claim on which relief may be granted, and Plaintiff's claim is therefore legally frivolous. Even a *pro se* plaintiff "must, at a minimum, provide the Court with enough information to conduct a meaningful consideration of the merits."[9] "When reviewing a Rule 12(b)(6) motion, 'a trial court must accept as true all of the well-pleaded allegations of fact,' but is not 'required to accept as true conclusory allegations without specific supporting factual allegations.'"[10]

5. Further, Plaintiff names two defendants in the caption—Michael Minuti and the Law Offices of McCann, Dillon, Jaffe, & Lamb—but the Complaint repeatedly attributes wrongdoing to numerous other individuals and entities unnamed in the caption. These unnamed persons and entities include attorneys, law assistants, law enforcement representatives, judges, medical providers, postal employees, union representatives, family members, and court personnel.[11] Some individuals and entities are named in the body of the Complaint, but it is often unclear whether these individuals are intended to be defendants in the action, and it is apparent that the lists of individuals are not intended to be inclusive.[12]

6. Thus, it appears that much of the relief Plaintiff seeks is predicated upon conduct of individuals and entities that are either not included in the caption or not

---

[9] *Brown v. Delaware State Hous. Auth.*, 2024 WL 524550, at *2 (Del. Super. Dec. 30, 2024) (quoting *Harrison v. Hodgson Vocational Tech. High Sch.*, 2007 WL 3112479, at *2 (Del. Super. Oct. 3, 2007)) (dismissing *in forma pauperis* complaint).

[10] *Page v. Oath Inc.*, 270 A.3d 833, 842 (Del. 2022) (quoting *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006)).

[11] Compl. at 2, 3 (D.I. 1).

[12] *See, e.g.*, Compl. ¶¶ 6, 12, 19, 23–26, 29–30, 34, 37–38, 43 (D.I. 1).

named at all in the complaint. However, no Rule 19 analysis has been offered to proceed in their absence.

7. Superior Court Civil Rule 19 governs persons needed for just adjudication and provides the framework for dismissal under Rule 12(b)(7) where necessary parties are omitted and cannot be joined.[13] The inquiry is threefold: First, the Court must decide whether absent persons are "necessary" parties.[14] A party is considered necessary if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.[15]

Second, Rule 19(b) requires the Court to determine if the necessary parties can now be added to the action.[16] Third, if joinder is not feasible, the Court must decide whether the action can proceed in their absence, or whether the absent persons are indispensable.[17] That determination requires the Court to consider whether, in equity and good conscience, the case should proceed among those presently before it or be dismissed, taking into account the factors enumerated in Rule 19(b).[18] Where, as

---

[13] Del. Super. Ct. Civ. R. 19; *see Mishoe v. City of Dover Plan. Comm'n*, 2025 WL 786049, at *7 (Del. Super. Mar. 12, 2025).

[14] *See Mishoe*, 2025 WL 786049, at *7.

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.* The factors contemplated by Rule 19(b) are as follows: "First, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties;

here, Plaintiff predicates relief on the alleged conduct of numerous absent actors spanning decades who have not been joined or accounted for, dismissal is also warranted.

**8.** For these reasons, the Complaint is subject to dismissal under Rule 12(b)(6). It is also subject to dismissal under Rule 12(b)(7) insofar as Plaintiff's theories depend upon absent actors who are needed for just adjudication under Rule 19.

**WHEREFORE**, in light of the preceding considerations, Plaintiff's complaint is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge

NEP/tls
*Via File & ServeXpress and U.S. Mail*
oc:     Prothonotary
        Renee A. Chrustowski, *Pro Se – Via U.S. Mail*

---

second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."